UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Allen Roy Johnson & Linda Carol Johnson<br><br><br><br><br><br>Debtor(s)<br>Allen Roy Johnson & Linda Carol Johnson<br><br><br>Plaintiff(s)<br>Ocwen Loan Servicing LLC<br><br><br>Defendant(s) | ) BK No.:   15-04346<br>) (Jointly Administered)<br>)<br>) Chapter: 13<br>)<br>) Honorable Jack B. Schmetterer<br>)<br>)<br>)<br>) Adv. No.: 15-00224<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**~~Proposed~~ Findings of Fact and Conclusions of Law**

FINDINGS OF FACT

A. The Parties

1. The Plaintiffs are Allen Roy Johnson & Linda Carol Johnson.

2. The Defendant is Ocwen Loan Servicing LLC.

B. Factual Background

1. On February 10, 2015 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 3428 West 84th Street, Chicago, Illinois 60652.

3. That Central Loan Administration holds a first mortgage lien on the real property 3428 West 84th Street, Chicago, IL 60652 with a secured claim of $167,980 pursuant to the Debtors Schedule A; however, the first mortgage company has not filed a proof of claim in the above captioned case.

4. The Defendant holds a second mortgage lien on the real property known as 3428 West 84th Street, Chicago, IL 60652 in the approximate amount of $60,118 pursuant to the Debtor's schedule A and the Defendant Creditor Ocwen Loan Servicing has still failed to file a proof of claim.

5. That the Plaintiffs obtained an valuation of the property on indicating the value 3428 West 84th Street, Chicago, Illinois, 60652 as $140,510.

6. The first mortgage lien of Mortgage Electronic Registration Systems Inc. or Ally Bank or Central

Loan Administration as servicer for the above mortgage company is a secured claim based on the mortgage recorded and assignments granted on May 20, 2015 as document number 1514026094 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded Ocwen Loan Servicing LLC services the loans and is hereto attached as Exhibit "A" for an unknown investor for the property who originated the loan and has assigned it several times prior to the bankruptcy and during the bankruptcy.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $2095 per month for 60 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (28%) of their allowed claims.

10. On April 1, 2015 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 3428 West 84th Street, Chicago, IL 60652.

11. That on April 1, 2015, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon Ocwen Loan Servicing LLC.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $140,510.

15. The first secured claim of Central Loan Admistration in the amount of $167,980 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.


CONCLUSIONS OF LAW

A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

B. Argument

1. Is action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Central Loan Administration in the amount of $167,980 and the second secured claim of the Defendant in the amount of $60,118.

3. Central Loan Administration as servicer of the first mortgage has failed to file a proof of claim pursuant and is hereby deemed allowed by the Debtor's plan. Said claim is secured by a first mortgage on the Plaintiffs' property 3428 West 84th Street, Chicago, IL 60652.

4. The Defendant has still failed to file a proof of claims on 3428 West 84th Street, Chicago, IL 60652 for the amount scheduled in the Debtors petition $60,118. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $140,510.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. In re Meyer, 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Enter:

United States Bankruptcy Judge

Dated: 7/7/15

**Prepared by:**
Prepared by:
Marc Wagman
Ledford, Wu & Borges, LLC.
105 W. Madison St., 23rd Floor
Chicago, IL 60602
312-853-0200

Rev: 20130103_apo

# Cook County Recorder of Deeds
## KAREN A. YARBROUGH

Copyright © 2010 - 2015 Xerox Corporation. All rights reserved.

DISCLAIMER | ACCEPTANCE OF TERMS | CONDITIONS | NOTICES | LIMITED USE LICENSE

SignOn

Search Home

Search Options | Search Help & Support | Search FAQ | Cart - Checkout

Search Criteria

Property Identification Number (PIN):

| X | X | X | X | X |

Property Identification Number (PIN) Search: 19-35-405-050-0000
(Total: 1.08 seconds, 33 rows) Index Posted Through: 06-17-2015

View Details | View Images

| Select All | Invert Selection | Purchase Results Summary | Add to Cart | View: 20/Page 50/Page 100/Page |

| Recorded Date | PIN | Type Desc. | Doc. # | 1st Grantor | 1st Grantee | 1st Prior Doc# |
|---|---|---|---|---|---|---|
| ☒ 5/20/2015 | 19-35-405-050-0000 | ASSIGNMENT | 1514026094 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | ALLY BK | 0520705020 |
| ☒ 4/20/2015 | 19-35-405-050-0000 | ASSIGNMENT | 1511046100 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | US BK | 0625813150 |
| ☒ 9/15/2006 | 19-35-405-050-0000 | MORTGAGE | 0625813150 | JOHNSON ALLEN R | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | 1511046100 |
| ☒ 9/11/2006 | 19-35-405-050-0000 | RELEASE | 0625421074 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | JOHNSON ALLEN R | 0520705021 |
| ☒ 10/26/2005 | 19-35-405-050 | RELEASE | 0529918019 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | JOHNSON LINDA C | 0420315100 |

| | Date | Parcel | Type | Doc # | Party 1 | Party 2 | Ref # |
|---|---|---|---|---|---|---|---|
| X | 8/29/2005 | 19-35-405-0000-050 | RELEASE | 0524132106 | MORTGAGE ELEC REGISTRATION SYS | JOHNSON ALLEN R | 30185218 |
| X | 7/26/2005 | 19-35-405-0000-050 | MORTGAGE | 0520705020 | JOHNSON ALLEN R | MORTGAGE ELEC REGISTRATION SYSTEM | 1514026094 |
| X | 7/26/2005 | 19-35-405-0000-050 | MORTGAGE | 0520705021 | JOHNSON ALLEN R | MORTGAGE ELEC REGISTRATION SYSTEM | 0625421074 |
| X | 7/26/2005 | 19-35-405-0000-050 | RELEASE | 0520705022 | CITIMORTGAGE INC | JOHNSON ALLEN R | 0313349074 |
| X | 7/21/2004 | 19-35-405-0000-050 | MORTGAGE | 0420315100 | JOHNSON ALLEN R | MORTGAGE ELEC REGISTRATION SYSTEM | 0529918019 |
| X | 5/13/2003 | 19-35- | MORTGAGE | 0313349074 | JOHNSON ALLEN R | CITIBANK | 0520705022 |



| | | | | | |
|---|---|---|---|---|---|
| ☒ 2/7/2003 | 405-050-0000 19-35-405-050-0000 | MORTGAGE | 00301852 18 | JOHNSON ALLEN R | MORTGAGE ELEC REGISTRATION SYSTEM |